Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WHOLESOME SWEETENERS, INC.

   Plaintiff,

 - against –

MSC MEDITERRANEAN SHIPPING COMPANY,
S.A.

   Defendant.
------------------------------------------------------------X

22 Civ.

**COMPLAINT**

  Plaintiff, WHOLESOME SWEETENERS, INC. by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC bill of lading, which provides for jurisdiction in this District for cargo shipments that transit through the United States.

## PARTIES

  2. At all material times, Wholesome Sweeteners, Inc., (hereinafter "WSI" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1 Sugar Creek Center Blvd., Suite 500, Sugar Land,

Texas 77478 and was the owner and consignee of a consignment of Sugar, as more specifically described below.

3. At all material times, defendant, MSC MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 420 Fifth Avenue, New York, New York 10016, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

4. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

5. On or about March 20, 2021, a consignment consisting of 120 Bags Sugar, laden in containers MEDU3175577, MSCU6315700, MSCU0150650, MSCU6017516, TGHU3515305 and TCLU7645268, then being in good order and condition, were delivered to MSC and/or its agents in Santos, Brazil by the cargo shipper. The cargo was booked for transit on board the M/V MSC METHONI in Santos, destined for Houston, Texas, all in consideration of an agreed upon freight, and pursuant to MSC bill of lading MEDUst536316 dated March 20, 2021.

6. Thereafter the aforementioned containers were loaded on board the M/V MSC METHONI on or about March 20, 2021, MSC bill of lading MEDUST536316 was issued and the vessel sailed for her intended destination.

7. The containers were discharged in Houston, Texas on or about April 13, 2021 and delivered into the custody and control of the consignee.

8. Upon receipt of the cargo by WSI, it was determined that the 80 Bags of Sugar laden in containers MSCU0150650, MSCU6017516, TGHU3515305 and TCLU7645268 had sustained wetting damage, with a water line of 12 – 16 inches from the bottom of the bags in each of these four containers.

9. As a result of the wetting damage, the consignment was not in the same good order and condition as when first received by defendant, but instead had suffered physical damage while in said defendant's care, custody and control. A total of 61 Bags were determined to be a total loss and were destroyed. The remaining 19 Bags that were laden in the four affected containers were sold at salvage.

10. The damage to the cargoes was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and unreasonable deviation of the contract of carriage on the part of the defendant and/or its agents.

11. After salvage of the damaged bags, it was determined that SWI had suffered a loss of $45,696.82. In addition, SWI incurred expenses currently estimated to be in the amount of $65,500, for which MSC is responsible. Thus, SWI suffered a loss in the approximate amount of $111,196.82.

12. As a result of the foregoing, SWI suffered damages in the approximate amount of $111,196.82.

13. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $111,196.82.

## AS AND FOR A FIRST CAUSE OF ACTION

14. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 13, inclusive, as if herein set forth at length.

15. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

16. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

17. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $111,196.82.

18. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $111,196.82.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $111,196.82 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
April 12, 2022
424-101

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *Martin Casey*
Martin F. Casey
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
